United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| WILLIAM J MUSGRAVE,<br><br>Plaintiff,<br><br>v.<br><br>THEVAULTMS.COM LLC, et al.,<br><br>Defendants. | Case No. 25-cv-10904-LB<br><br>**ORDER DENYING THE MOTION TO DISMISS AND ORDERING JURISDICTIONAL DISCOVERY**<br><br>Re: ECF No. 23 |

**INTRODUCTION AND STATEMENT**

TheVaultMS.com LLC (a Mississippi LLC) deals in antique cars and states on its website that it sells to a global market on more than twenty websites in over fifty countries and has "1,000's of new customers weekly."[1] In June 2025, the plaintiff (a California resident) contacted Vault about purchasing a restored 1954 Jaguar XK120 SE Roadster that he saw on the third-party website Autotrader.com.[2] Vault's asking price was $185,000, the plaintiff made an initial offer of

---

[1] Screenshot, Ex. A to Req. Judicial Notice – ECF No. 25-3 at 11. The court takes judicial notice of the screenshots at exhibits A, D, and E, though exhibit A required significant zooming to read. *See Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) (taking judicial notice of product packaging and website screenshots). The court does not take judicial notice of exhibits B, C, F, and G because they are unreadable, even with zooming. Reply – ECF No. 27-1 at 3. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] First Am. Compl. (FAC) – ECF No. 18 at 1 (¶¶ 1–2), 3 (¶ 17); Pass Decl. – ECF No. 23-1 at 1–2 (¶¶ 1–3).

ORDER – No. 25-cv-10904-LB

$130,000, and after over a month of negotiating by phone and email, the parties agreed on $160,000.[3] Vault represented that the vehicle was in exceptional condition, suitable for immediate use, and "perfect in every way."[4] Both JD Pass (Vault's principal owner) and Shana Krapovicky (Vault's general manger) participated in negotiations.[5] During negotiations, the plaintiff told the defendants that he wanted to enter the vehicle in the Mille Miglia, a 1,000-mile race across Florida in February 2026.[6]

On July 7, 2025, Vault issued an invoice confirming the purchase price of $160,000 and promising that the vehicle would be delivered with a full detail, complete tool kit, and all ownership paperwork in the defendants' possession.[7] The plaintiff paid the invoice the same day.[8] Vault then hired a third-party transporter to deliver the vehicle from its lot in Mississippi to the plaintiff's residence in California.[9]

The vehicle was delivered on July 29, 2025, but without its title, bill of sale, or registration paperwork.[10] The plaintiff messaged Vault throughout August about the missing documents but only received "vague responses" saying that the documents were coming.[11] A few weeks after receiving the vehicle, the plaintiff contacted Vault about "significant mechanical defects, missing components, and cosmetic deficiencies" with the vehicle and demanded that Vault reimburse him for the repairs.[12] Vault refused.[13]

---

[3] FAC – ECF No. 18 at 3 (¶ 17); Pass Decl. – ECF No. 23-1 at 2 (¶¶ 4–5).

[4] FAC – ECF No. 18 at 3 (¶¶ 17–18).

[5] *Id.* at 1–2 (¶¶ 3–4).

[6] Musgrave Decl. – ECF No. 25-1 at 2 (¶ 5).

[7] FAC – ECF No. 18 at 3 (¶ 19).

[8] *Id.* at 4 (¶ 20).

[9] Pass Decl. – ECF No. 23-1 at 2 (¶ 6).

[10] FAC – ECF No. 18 at 4 (¶ 22); Musgrave Decl. – ECF No. 25-1 at 4 (¶ 16).

[11] Musgrave Decl. – ECF No. 25-1 at 5 (¶ 19).

[12] FAC – ECF No. 18 at 4 (¶ 23); Pass Decl. – ECF No. 23-1 at 3 (¶ 12).

[13] Pass Decl. – ECF No. 23-1 at 3 (¶ 13).

United States District Court
Northern District of California

In October 2025, the plaintiff received the vehicle's title from Vault, but Vault had left the seller section blank and unsigned and did not include an odometer disclosure statement.[14] The vehicle currently requires a new transmission and clutch, and the plaintiff was unable to participate in the Mille Miglia race.[15] The plaintiff filed claims against the defendants for (1) breach of contract, (2) breach of express warranty, (3) fraud, (4) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et seq., and (5) violation of the California Unfair Competition Law, Bus. & Prof. Code § 17200.[16]

The defendants moved to dismiss for lack of personal jurisdiction, contending that the sale of the vehicle was a single transaction that is insufficient to subject them to personal jurisdiction in California. The plaintiff counters that Vault's spending months negotiating price, coordinating delivery, and sending documentation created continuing obligations subjecting the defendants to personal jurisdiction in California.

The parties consented to magistrate-judge jurisdiction. 28 U.S.C. § 636(c). The court held a hearing on March 19, 2026.

The court denies the motion. Vault is correct that, on this record, a single sale from a passive website without any facts pointing to conduct by Vault directed at other California residents does not support personal jurisdiction. But the plaintiff contends that discovery would reveal that Vault derives significant business from California, pointing to its global presence, high volume of sales, and the demand for classic vehicles in California. The extent of Vault's sales and marketing in California could tip the scales in favor of exercising personal jurisdiction, and the court orders limited jurisdictional discovery.

---

[14] Musgrave Decl. – ECF No. 25-1 at 6 (¶¶ 26, 28–29); Pass Decl. – ECF No. 23-1 at 2 (¶¶ 7–8). Vault's request to strike plaintiff's counsel's declaration regarding California vehicle-registration requirements is moot because the court does not rely on it in deciding the motion to dismiss. *See* Reply – ECF No. 27 at 10–11.

[15] Musgrave Decl. – ECF No. 25-1 at 7 (¶¶ 32, 35).

[16] FAC – ECF No. 18 at 4–6.

United States District Court
Northern District of California

## ANALYSIS

A plaintiff opposing a defendant's challenge to personal jurisdiction must establish that jurisdiction is proper. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). The court may consider affidavits and other evidence. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), *abrogated on other grounds by Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017). When a defendant relies on written materials, rather than an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand a motion to dismiss. *Ranza*, 793 F.3d at 1068. Uncontroverted allegations are taken as true, and conflicts between parties — such as conflicting statements in affidavits — must be resolved in the plaintiff's favor. *Id.* A court may not assume as true allegations in a pleading that are contradicted by affidavit. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011); *accord Ranza*, 793 F.3d at 1068 (a plaintiff may not rest on the bare allegations of the complaint).

No federal statute conveys personal jurisdiction. The court thus applies California law. Fed. R. Civ. P. 4(k)(1)(A); *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1089 (9th Cir. 2023). California's long-arm statute provides for personal jurisdiction to the maximum that due process allows. Cal. Civ. Proc. Code § 410.10; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). A court may exercise personal jurisdiction over a nonresident defendant with "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Mavrix*, 647 F.3d at 1223 (cleaned up) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction is general or specific. *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017). The plaintiff asserts specific personal jurisdiction.[17] The court's specific-jurisdiction inquiry focuses on the relationship among the defendant, the forum, and the litigation. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The Ninth Circuit employs a three-part test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he

[17] Opp'n – ECF No. 25.

United States District Court
Northern District of California

purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff must prove the first two parts. *Picot v. Weston*, 780 F.3d 1206, 1211–12 (9th Cir. 2015). If it does, then the defendant must present a compelling case that the presence of other considerations renders jurisdiction unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

A plaintiff can satisfy the first requirement by "demonstrating that the defendant either purposefully availed itself of the privilege of conducting activities in the forum or purposefully directed its activities at the forum," *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012), *abrogated on other grounds by Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2016), or "some combination thereof," *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc) (per curiam). The Ninth Circuit most often applies a purposeful-availment test to claims sounding in contract and a purposeful-direction test for claims sounding in tort. *Herbal Brands*, 72 F.4th at 1090; *Briskin v. Shopify, Inc.*, 135 F.4th 739, 751 & n.10 (9th Cir. 2025) (en banc). The plaintiff argues that he has established the first requirement under both tests.

### 1. Purposeful Availment

The plaintiff asserts that Vault created continuing obligations that satisfy purposeful availment by its (1) selling the vehicle to the plaintiff while knowing that he was a California resident, (2) coordinating delivery of the vehicle over multiple weeks, (3) communicating with the plaintiff about delivery of the vehicle's documentation, (4) marketing on a national level combined with California being "the nation's largest automobile market," and (5) deriving $160,000 from the sale.[18] Vault contends that the plaintiff cannot demonstrate purposeful availment by a single sale

---

[18] *Id.* at 6–11.

*United States District Court*
*Northern District of California*

through a passive website when the post was available nationwide with no advertisements targeted at California residents, analogizing this case to *Boschetto v. Hansing* where there was no personal jurisdiction under similar circumstances.[19] 539 F.3d 1011 (9th Cir. 2008).

On this record, the plaintiff has not shown purposeful availment by Vault.

The purposeful availment test is satisfied "where the defendant 'deliberately' has engaged in significant activities within a State, or has created 'continuing obligations' between himself and residents of the forum," because then the defendant "manifestly has availed himself of the privilege of conducting business" in the forum. *Burger King*, 471 U.S. at 475–76 (cleaned up). "A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger*, 374 F.3d at 802.

Vault's analogy to *Boschetto* is apt. In *Boschetto*, the defendants (a group of automotive dealers and one employee) advertised a 1964 Ford Galaxie 500 XL 427/425 hp on eBay, Boschetto won the bid, and the parties coordinated delivery of the vehicle to arrive in California five weeks later. 539 F.3d at 1014. Boschetto filed claims against the defendants because the vehicle was defective and did not match the advertised description. *Id.* at 1015. The court reasoned that Boschetto had not established purposeful availment through a lone sale because there was no continuing commitment by the defendants and no allegations that the defendants regularly used eBay to sell vehicles. *Id.* at 1016–19. The same relevant facts exist here. The parties performed a one-time sale of a vehicle — which included transporting it to California — over a third-party website, and there are no allegations showing that Vault sold any other vehicles in California.

The plaintiff contends that *Boschetto* is distinguishable because, unlike the *Boschetto* defendants, Vault (1) is a national dealer with over 1,000 sales, (2) knew the plaintiff lived in California from the beginning of their communications, (3) and engaged in substantial communications with the plaintiff, including negotiating for weeks about price, coordinating

---

[19] Reply – ECF No. 27 at 2–6. The plaintiff does not dispute that Autotrader.com is a passive website. Opp'n – ECF No. 25 at 14.

United States District Court
Northern District of California

delivery, and communicating about registration documents after delivery.[20] Even if the court had judicially noticed the screenshot allegedly stating that Vault has over 1,000 sales, this fact would only be material if a high enough percentage of those sales were made in California. The complaint lacks that information. The other differences cited by the plaintiff are not material. While price negotiations and the disputes over the vehicle's documentation required additional time and communication, those issues stem from the sale and do not show a continuing obligation by Vault.[21] The plaintiff cites no authority that a single sale, even when the steps are attenuated over multiple months, creates a continuing obligation. Thus, the plaintiff has not shown significant activities by Vault in California or continuing obligations establishing purposeful availment.

### 2. Purposeful Direction

The plaintiff contends that his fraud claim independently establishes purposeful direction because Vault's misrepresentations caused him harm in California.[22] Vault counters that the purposeful-direction test does not apply because his claims sound in contract and that, even if it did, a connection between Vault and one California resident is insufficient to satisfy the test.[23]

Although the plaintiff asserts a fraud claim, his claims still sound primarily in contract because the alleged fraud stems from "the representations in the contract that gave rise to the breach."[24] *HK China Group, Inc. v. Beijing United Auto. & Motorcycle Mfg. Corp.*, 417 F. App'x 664, 665–66 (9th Cir. 2011). Even so, a purposeful-direction analysis would suffer from the same defect as with purposeful availment.

Purposeful direction exists if the defendant (1) commits an intentional act (2) expressly aimed at the forum (3) that causes harm that the defendant knows will be suffered in the forum. *Washington Shoe*, 704 F.3d at 673. There is personal jurisdiction when the acts are such that the defendants

---

[20] Opp'n – ECF No. 25 at 9–11.

[21] Reply – ECF No. 27 at 4.

[22] Opp'n – ECF No. 25 at 14.

[23] Reply – ECF No. 27 at 8–9.

[24] *Id.*

ORDER – No. 25-cv-10904-LB                 7

United States District Court
Northern District of California

"must reasonably anticipate being haled into court" in the forum to answer for their acts. *Calder v. Jones*, 465 U.S. 783, 788–90 (1984) (cleaned up) (asserted specific jurisdiction over the non-resident National Enquirer for a libelous story distributed in California about a well-known California actor because the acts were aimed at California, and the actor suffered injury here).

Without more information about Vault's contacts with California, the court cannot say that Vault expressly aimed the alleged conduct at California based on a single sale. *Walden*, 571 U.S. at 285 ("[T]he plaintiff cannot be the only link between the defendant and the forum."). The plaintiff says that *Walden* is distinguishable because the conduct in *Walden* (a police officer's confiscating two California residents' gambling winnings in a Georgia airport) had only incidental effects in California, while Vault's conduct was aimed at California from the beginning.[25] But this difference does not change the fact that the plaintiff has only shown one contact between Vault and California: himself.

Even though the plaintiff has not satisfied the first requirement for personal jurisdiction, the court addresses the other requirements because limited discovery is warranted to determine if Vault has additional contacts with California sufficient to exercise personal jurisdiction.[26]

### 3. Arises Out of or Relates to Forum-Related Activities

The plaintiff asserts that his claims arise from Vault's delivery of the vehicle to California and breach of the contract.[27] Vault contends that there are no forum-related activities related to the plaintiff's claims because the sale was completed in Mississippi with no intention by Vault to conduct ongoing business with the plaintiff.[28]

The plaintiff has met the second requirement for personal jurisdiction.

A plaintiff may satisfy the second requirement for personal jurisdiction through either the "arises out of" or "relates to" test. *Zep Solar Inc. v. Westinghouse Solar Inc.*, No. C 11–06493

---

[25] Opp'n – ECF No. 25 at 14.

[26] *See infra* § 5, Discovery.

[27] Opp'n – ECF No. 25 at 11.

[28] Mot. – ECF No. 23 at 10.

United States District Court
Northern District of California

JSW, 2012 WL 1309180, *2 (N.D. Cal. Apr. 16, 2012). The "arises out of" test requires the defendant's contacts with the forum to be a but-for cause of the plaintiff's claims. *See Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 506 (9th Cir. 2023). The "relates to" test only requires a "connection between a plaintiff's suit and a defendant's activities." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 361 (2021) (cleaned up).

This dispute arises out of Vault's forum-related activities. Vault contracted with a California resident and transported a vehicle that allegedly did not comply with the advertised description. No more is needed to satisfy the second requirement. *See Doe v. Deutsche Lufthansa*, 157 F.4th 1103, 1112 (9th Cir. 2025) (breach of confidentiality terms for contract to fly the plaintiff to California satisfied the forum-related-activities prong).

### 4. Reasonableness

Part three of the test requires Vault to present a compelling case that the exercise of jurisdiction is not reasonable. *Schwarzenegger*, 374 F.3d at 802. The Ninth Circuit applies a seven-factor balancing test to assess the reasonableness of asserting personal jurisdiction: (1) the extent of the defendant's interjection into the forum state's affairs; (2) the defendant's burden defending a case in the forum; (3) any conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Herbal Brands*, 72 F.4th at 1096.

Vault contends that exercising personal jurisdiction would be unreasonable because (1) it did not inject itself into California, (2) it does not target advertisements to California residents, (3) the burden of litigating in California would be high because Vault has no employees, offices, or presence here, (4) California does not have a strong interest in adjudicating a dispute arising from an out-of-state sale, (5) the weight of the plaintiff's convenience is minimal, and (6) finding

reasonableness here would require Vault to "stop all online marketing, stop all sales outside of Mississippi, and reject a chance sale simply to avoid being subject to personal jurisdiction."[29]

The plaintiff responds that exercising jurisdiction would be reasonable because (1) Vault directed its conduct at California for nearly three months through its communicating with the plaintiff and delaying sending the vehicle's documentation, (2) the burden on Vault is minimal because of the availability of remote participation, (3) there is no conflict with Mississippi sovereignty, (4) California has a strong interest in protecting its consumers, (5) efficiency is neutral because the plaintiff and vehicle are in California and witnesses in Mississippi can appear remotely, (6) the plaintiff's convenience weighs in favor of exercising jurisdiction, and (7) Mississippi would be a less adequate forum.[30]

Vault has not presented a compelling case that exercising jurisdiction would be unreasonable. The burden on Vault in litigating in California has little weight because "modern advances in communications and transportation have significantly reduced the burden of litigating in a non-home forum." *Komaiko v. Baker Techs, Inc.*, No. 19-cv-03795-DMR, 2020 WL 1915884, at \*9 (N.D. Cal. Apr. 20, 2020) (quoting *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1201 (9th Cir. 1988)). Factors three, four, and six weigh in favor of exercising jurisdiction: Vault does not dispute a lack of conflict with Mississippi's sovereignty, California has an interest in enforcing laws that protect its citizens, and litigating in California would be convenient for the plaintiff. The remaining factors (the extent that Vault interjected itself in this forum, efficiency, and the existence of an alternate forum) weigh slightly in Vault's favor. Even with more factors weighing in Vault's favor than not, none weigh strongly in Vault's favor, and these circumstances do not make a compelling case against the reasonableness of exercising personal jurisdiction.

[29] *Id.* at 10–11; Reply – ECF No. 27 at 7.

[30] Opp'n – ECF No. 25 at 11–12.

ORDER – No. 25-cv-10904-LB                10

United States District Court
Northern District of California

**5. Discovery**

The plaintiff asserts that jurisdictional discovery is warranted on (1) Vault's California sales, (2) its national-marketing practices, (3) its knowledge of the vehicle's condition and California registration requirements, and (4) the timelines for the parties' communications and Vault's sending the vehicle's documentation.[31] Vault responds that the facts show that the plaintiff cannot establish personal jurisdiction and has only offered speculative support.[32]

Limited jurisdictional discovery is warranted.

While a district court is vested with broad discretion to permit or deny jurisdictional discovery, courts generally require a plaintiff to make out a "colorable basis" for jurisdiction to warrant discovery. *See, e.g.*, *Teras Cargo Transp. (Am.), LLC v. Cal Dive Int'l (Austl.) Pty Ltd.*, No. 15-cv-03566-JSC, 2015 WL 6089276, at *8 (N.D. Cal. Oct. 16, 2015) (citing cases). Courts may properly deny jurisdictional discovery where "there is insufficient evidence to give rise to more than a 'hunch'" that discovery will make out a case for exercising personal jurisdiction over a defendant. *Id.* (denying jurisdictional discovery where "there is insufficient evidence to give rise to more than a 'hunch' that jurisdictional discovery might assist [plaintiff] in making out a case for personal jurisdiction over [defendant]" and observing that "speculation cannot rise above the 'mere hunch' bar that the Ninth Circuit requires cleared to obtain jurisdictional discovery").

In support of his request for discovery, the plaintiff points to the fact that Vault holds itself out as a global dealer of vehicles that has sold many vehicles advertised on over twenty websites.[33] This supports more than a hunch that discovery might assist his establishing personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008) ("Where eBay is used as a means for establishing regular business with a remote forum such that a finding of personal jurisdiction comports with "traditional notions of fair play and substantial justice," then a defendant's use of

---

[31] *Id.* at 15.

[32] Reply – ECF No. 27 at 9–10.

[33] Screenshot, Ex. A to Req. Judicial Notice – ECF No. 25-3 at 11.

eBay may be properly taken into account for purposes of establishing personal jurisdiction.").

Limited jurisdictional discovery is warranted on Vault's California sales and marketing practices.

### CONCLUSION

The court denies the motion and orders limited jurisdiction discovery into Vault's California sales and marketing practices. This order resolves ECF No. 23.

**IT IS SO ORDERED.**

Dated: March 26, 2026

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California